PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM SULTAANA aka | ) | |
| KEVIN HUGHLEY, | ) | CASE NO. 1:12CV3117 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK BOVA, Sheriff,[1] | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 3] |

*Pro se* Petitioner Hakeem Sultaana aka Kevin Hughley filed the above-captioned Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is detained in the Cuyahoga

County Jail, having been indicted on two counts of grand theft in connection with automobiles

and one count of tampering with records. *State v. Sultaana*, No. CR-12-568418-A (Cuyahoga

Cty Ct. Common Pleas filed Nov. 1, 2012). Petitioner contends his bail in Case No. CR-12-

568418-A is excessive and the grand jury proceedings which led to his indictment were flawed.

For the reasons set forth below, Petitioner's Motion to Proceed *In Forma Pauperis,* (ECF No. 3),

is granted, the Petition (ECF No. 1) is denied, and this action is dismissed.

## I. Background

---

[1] Bob Reid was the original respondent. On January 3, 2013, Frank Bova became
the Interim Sheriff after Reid resigned. On March 27, 2013, the Cuyahoga County
Council confirmed the appointments of Bova as Sheriff. Pursuant to Fed. R. Civ. P. 25
(d), Bova's name has been automatically substituted as a party.

(1:12CV3117)

A criminal complaint was filed against Petitioner on October 29, 2012 in the Cuyahoga County Court of Common Pleas.  ECF No. 1 at PageID #: 1.  The grand jury returned an indictment against Petitioner and two other Defendants on November 1, 2012 charging them with one count of grand theft concerning a 2012 Ford Focus belonging to a private individual, one count of grand theft concerning money or property belonging to Serpentini Chevrolet, and one count of tampering with records in connection with an Application for Certificate of Title.  ECF No. 1 at PageID #: 2; ECF No. 1-1; *see also* Docket Sheet for *State v. Sultaana*, No. CR-12-568418-A (Cuyahoga Cty. Ct. of Common Pleas).[2]  Petitioner claims an arraignment was scheduled, but he was not served with the indictment and was not notified of the court hearing.  ECF No. 1 at PageID #: 2.  A capias was issued for his arrest.  ECF No. 1 at PageID #: 2.

Petitioner was arrested on December 10, 2012 and appeared before Judge Shirley Strickland Saffold.  ECF No. 1 at PageID #: 2.  She set his bond at $10,000.00.  ECF No. 1 at PageID #: 2.  Petitioner claims the prosecutor asked for a bond increase and a bond hearing was held on December 13, 2012 before Judge Peter J. Corrigan.  ECF No. 1 at PageID #: 2.  Judge Corrigan increased Petitioner's bond to $50,000.00.  ECF No. 1 at PageID #: 2.

---

[2]

http://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=vMi08ZLg2kmlWK7S8ciqTg2

In February 2013, Petitioner was also indicted on two counts of possession of criminal tools, one count of engaging in a pattern of corrupt activity, one count of grand theft, 26 counts of securing records by deception, 29 counts of tampering with records, 27 counts of forging identification cards, and 16 counts of motor vehicle title offenses in *State v. Sultaana*, No. CR-13-571616-A (Cuyahoga Cty Ct. Common Pleas filed Feb. 20, 2013).  Bail in that case is set at $ 100,000.  That case is also pending.

2

(1:12CV3117)

Petitioner raises two grounds in support of his Petition.  First, he contends his bail in Case

No. CR-12-568418-A is excessive.  He states he was not charged with a violent crime and did

not fail to show up for a court hearing when he was aware of it.  He also claims, without

explanation, that he has had numerous convictions overturned.  In his second ground for relief,

Petitioner claims the grand jury proceedings, which lead to his indictment, were illegal.  He

contends the grand jury or the prosecutor falsified the date of his offenses to get a true bill.

## II.  Standard of Review

Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. §

2241, which extends the writ to, among others, persons "in custody in violation of the

Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  While 28 U.S.C. §

2254 makes habeas relief available to a subset of petitioners who are "in custody pursuant to the

judgment of a State court . . .," a pretrial detainee being held at the county jail is not "in custody

pursuant to the judgment of a State court."  Rather, he is in custody pursuant to an indictment.

Pretrial detainees must pursue habeas relief under § 2241.  *See Girts v. Yanai*, 600 F.3d 576, 587

(6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981).

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the

district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to

prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"

*Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)).  Because Petitioner is

appearing *pro se*, the allegations in his Petition (ECF No. 1) must be construed in his favor, and

3

(1:12CV3117)

his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

The requirement of exhaustion of state court remedies applies to habeas petitions filed under § 2241(c)(3) by pretrial detainees awaiting trial in state court. *See Hensley v. Municipal Court*, 411 U.S. 345, 353 (1973) ("Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts."); *Atkins*, 644 F.2d at 549. To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and

4

(1:12CV3117)

rejected in state court.  *Id.*  This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim.  *Wagner*, 581 F.3d at 415.  A petitioner will not be deemed to have exhausted the remedies available in the courts of the state, "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

### III.  Discussion

Petitioner has not exhausted his state court remedies for these claims prior to filing this habeas action in federal court.  The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights whose vindication may be asserted prior to trial by a petition for habeas corpus.  *Atkins*, 644 F.2d at 549.  If asserted by way of habeas corpus, however, the Petitioner must demonstrate that state remedies have been exhausted.  *Id.*

There is a state remedy, state habeas corpus, available to Petitioner which he has not pursued.  The Ohio legislature has provided that "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus. . . " and that "[t]he writ of habeas corpus may be granted by the supreme court, court of appeals, court of common pleas, probate court, or by a judge of any such court."  Ohio Rev. Code. §§ 2725.01, 2725.02.  Moreover, the Ohio Supreme Court has determined that, "[h]abeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases."  *Chari v. Vore*, 91 Ohio St.3d 323, 325 (2001).  Petitioner gives no indication that he attempted to assert this claim in an Ohio habeas corpus petition.  He, therefore, has not exhausted this claim.  *Roth v. McGuire*, No. 1:06CV2733, 2007 WL 315766, at *3-5

5

(1:12CV3117)

(N.D. Ohio Jan. 30, 2007) (Oliver, J.) (even under § 2241, exhaustion required as a matter of comity).

In addition, Petitioner has not exhausted his state court remedies for his second ground for relief.  He contends his indictment in Case No. CR-12-568418-A is flawed.  There is no suggestion in the Petition (ECF No. 1) that he raised this objection in the trial court.  He could also assert this claim in an Ohio habeas petition.

 If under state law there remains a remedy that a petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot entertain the merits of the claim. 28 U.S.C. § 2254(c).  A petitioner's failure to exhaust state court remedies for any claim requires dismissal of the entire petition to allow the petitioner the opportunity to return to state court to complete the review process.  *See Rose v. Lundy,* 455 U.S. 509, 522 (1982).  Because Petitioner has not raised in the Ohio courts either of the grounds in support of his Petition (ECF No. 1), he must exhaust those remedies before he can seek review of those claim in a federal habeas corpus petition.

## IV.  Conclusion

For all the foregoing reasons, Petitioner's Motion to Proceed *In Forma Pauperis* (ECF No. 3) is granted, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied, and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

(1:12CV3117)

      IT IS SO ORDERED.


  July 31, 2013                                        */s/ Benita Y. Pearson*
Date                                                 Benita Y. Pearson
                                                    United States District Judge