PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM SULTAANA aka KEVIN HUGHLEY, | ) ) ) | CASE NO. 1:12CV3117 |
| Petitioner, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | **MEMORANDUM OF OPINION** |
| FRANK BOVA, Sheriff, | ) ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 18, 19, 20, 21, |
| Respondent. | ) | and 22] |

Before the Court are *Pro se* Petitioner Hakeem Sultaana aka Kevin Hughley's:

"Motion to (sic) Reconsideration of Order Document #14 Pursuant to Petitioner's Docket Number 4 and 28 U.S.C. § 2254(b)(ii) Since Circumstances Exist that Render Rights of Petitioner" (ECF No. 18), filed on August 9, 2013;

"Motion for Relief from Order Pursuant [to] Federal Civil Rule 60(a), (b)(1), and (6) with Request to Object to Order (#14) via Docket Number 4 Pursuant to Federal Civil Rule 46 in a Reconsideration Request" (ECF No. 19), filed on August 9, 2013;

"Motion to Review Attached Document Proving Exhausting State Remedies was Impossible for Pending Reconsiderations" (ECF No. 20), filed on August 16, 2013;

"Motion to Reconsider Non-Document Order Denying as Moot Since Motion Document/Docket #4 Has Practical Significance of Dismissing Petitioner[']s Writ When He's Being Blocked Access to Court by Respondent to Exhaust State Remedies" (ECF No. 21), filed on August 16, 2013; and,

"Motion to Rule Upon Motions that were Submitted After Petitioner[']s Petition was Dismissed so an Appeal Can be Had if Needed" (ECF No. 22), filed on September 19, 2013.

(1:12CV3117)

In substance, Petitioner objects to the Court's dismissal of his Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 without prejudice for failing to exhaust state court remedies. He contends he has been unable to exhaust his state court remedies because he does not have access to a notary public. For the reasons set forth below, the motions are denied.

## I. Background

Petitioner filed this action under 28 U.S.C. § 2241 to contest decisions made in the course of his pending criminal prosecution on charges of grand theft and tampering with records in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-12-568418-A. ECF No. 1 at 1. Specifically, he contended his bond set at $50,000.00 was excessive when he was not charged with a violent crime and did not fail to show up for a court hearing when he was aware of it. He also claimed the grand jury proceedings which lead to his indictment were illegal because either the grand jury or the prosecutor falsified the date of his offenses to get a true bill. On July 31, 2013, this Court dismissed the Petition without prejudice because Petitioner did not exhaust his state court remedies. *See* Memorandum of Opinion and Order (ECF No. 14) and Judgment Entry (ECF No. 15).

Petitioner has now filed five (5) motions with this Court indicating he cannot exhaust his state court remedies because he does not have access to a notary public. He contends that without access to a notary public, he cannot file affidavits with his petitions. He indicates this would cause his petitions to be denied on procedural grounds, barring further appellate review. He seeks relief from judgment under Fed. R. Civ. P. 60(a), (b)(1), and (6) and requests that he be permitted to proceed with his federal habeas petition without exhaustion of state court remedies.

(1:12CV3117)

## II.  Standard of Review

Fed. R. Civ. P. 60(a) provides, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice."  The basic purpose of the rule is to authorize the Court to correct errors that are mechanical in nature and that arise from oversight or omission.  *In re Walter*, 282 F.3d 434, 440-41 (6th Cir. 2002).  The rule does not, however, authorize the Court to revisit its legal analysis or otherwise correct a substantive error in the judgment.  *Id.*

Fed. R. Civ. P. 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."  *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).  Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint.  Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation.  The factual predicate of a Rule 60(b) motion therefore deals with some irregularity

3

(1:12CV3117)

or procedural defect in the procurement of the judgment denying relief. See *In re Abdur'Rahman*, 392 F.3d 174, 179-80 (6th Cir. 2004) (en banc), *judgment vacated in Bell v. Abdur'Rahman*, 545 U.S. 1151 (2005). It does not afford a defeated litigant a second chance to convince the court to rule in her favor by presenting new explanations, new legal theories, or proof. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

### III. Discussion

Petitioner has not demonstrated grounds for relief under either Rule 60(a) or (b)(1). He does not cite to a clerical error in the Court's judgment and, therefore, Rule 60(a) does not apply. Rule 60(b)(1) applies to judgments obtained by mistake, inadvertence, surprise, or excusable neglect. Generally, a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). Petitioner does not assert a mistake by the Court in determining he did not exhaust his state court remedies, nor does he suggest he made an excusable mistake in his pleading.

Although Rule 60(b)(6) addresses "any other reason that justifies relief" from judgment, this subsection is only properly invoked in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). Petitioner claims he is unable to procure the services of a notary public

(1:12CV3117)

and, therefore, should be able to proceed with his Petition for Writ of Habeas Corpus in this Court without giving the state courts an opportunity to rule on the merits of his claims.

The exhaustion requirement was developed to preserve principles of comity and federalism, by giving the state courts the first opportunity to address potential constitutional errors in state trials. *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Major v. Napel*, No. 13-12541, 2013 WL 3762446, at *2 (E.D. Mich. July 17, 2013).

Petitioner presents no basis to support an exception to the exhaustion requirement and, therefore, does not demonstrate such an "unusual and extreme situation" to justify granting relief from judgment under Rule 60(b)(6). As an initial matter, the criminal case giving rise to this Petition was dismissed without prejudice upon the motion of the prosecutor on September 19, 2013. *See State v. Sultaana*, No. CR-12-568418-A (Cuyahoga Cty Ct. Comm. Pl. dismissed without prejudice Sept. 19, 2013).[1] Because the Habeas Petition sought relief from "excessive bail [and] abnormal due process," ECF No. 1 at PageID #: 3, in the course of Case No. CR-12-568418-A, the dismissal of that criminal case would render his Petition moot. Moreover, while Petitioner has been indicted in two new criminal cases in the Cuyahoga County, Ohio Court of Common Pleas, those cases are not the subject of this Habeas Petition. To the extent either of

---

[1] http://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=vMi08ZLg2kmlWK7S8ciqTg2

(1:12CV3117)

the grounds for relief asserted in this Petition may also pertain to decisions made in the course of his new criminal cases, Petitioner is represented by counsel who can assert those grounds in the state courts. *See* Docket Sheets for *State v. Sultaana*, No. CR-13-571616-A (Cuyahoga Cty. Ct. of Common Pleas indict. filed Feb. 20, 2013)[2] and *State v. Sultaana*, No. CR-13-577414-A (Cuyahoga Cty. Ct. of Common Pleas indict. filed Sept. 12, 2013).[3] He is not entitled to relief from judgment in this federal habeas case.

## IV. Conclusion

Accordingly, Petitioner's "Motion to (sic) Reconsideration of Order Document #14 Pursuant to Petitioner's Docket Number 4 and 28 U.S.C. § 2254(b)(ii) Since Circumstances Exist that Render Rights of Petitioner" (ECF No. 18), "Motion for Relief from Order Pursuant [to] Federal Civil Rule 60(a), (b)(1), and (6) with Request to Object to Order (#14) via Docket Number 4 Pursuant to Federal Civil Rule 46 in a Reconsideration Request" (ECF No. 19), "Motion to Review Attached Document Proving Exhausting State Remedies was Impossible for Pending Reconsiderations" (ECF No. 20), and "Motion to Reconsider Non-Document Order Denying as Moot Since Motion Document/Docket #4 Has Practical Significance of Dismissing Petitioner[']s Writ When He's Being Blocked Access to Court by Respondent to Exhaust State Remedies" (ECF No. 21) are denied. Because the Court has now ruled on Petitioner's Motions

---

[2] http://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=6B4X3sIXo1NxQI6U5YsINQ2

[3] http://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=dMWJlFyVjot3mqrN5uu39Q2

6

(1:12CV3117)

for Reconsideration, his "Motion to Rule Upon Motions that were Submitted After Petitioner[']s Petition was Dismissed so an Appeal Can be Had if Needed" (ECF No. 22) is denied as moot.

    IT IS SO ORDERED.

| | |
|---|---|
|  October 2, 2013 |   /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |